The opinion of the Court was delivered by
Wardlaw, J.
This is an appeal from the finding of the jury upon facts: for the instructions which were given informed the jury “that so far as the compounding of a prosecution against Jake constituted the consideration of the single bill, the instrument was void;” and the verdict for the whole amount of the single bill, in effect, has answered that the objectionable purpose did not enter into the consideration. This verdict is said to have been against evidence “clear and uncontradictedyet the appointed judges of fact have decided otherwise, and a careful examination of circumstances might lead those'who would try facts by a written report of'testimony, to entertain strong doubts. Let it be observed that *647 tbe plaintiff was not present at the conversation of Brown about whipping the negro, but when the application for'time was reported to him, said that he would wait till January: further, that no legal proceedings had been instituted, the plaintiff was not bound to institute any, and nobody else was in any way restrained from doing so: that the punishment of the slave, by directions of the master given in the domestic forum, was contemplated and actually had: that the exertions of the plaintiff to recover the balance of the money, which he had lost, were arrested by the execution of the single bill, and some portion of that balance afterwards obtained by Brown; and that some unpleasant connection of the master with the possession by his slave of a large sum of money, may have stimulated his sense of an obligation to repair the damage, which too great an indulgence toward the slave may have brought upon a neighbor. It could hardly be said that no plausible view of the evidence could have been taken by the jury, under which sufficient inducements for the single bill were found, independent of any agreement or purpose of the obligee to stifle a prosecution, or hinder the course of criminal justice. Let it be admitted that the moral obligation which is spoken of in the report would not have formed sufficient consideration for a promise: — It is then merely frivolous, not illegal: and a sealed obligation which it has induced, becomes voluntary, not void. The seal importing a consideration, the instrument is none the worse because it is what the obligor ought to have made, although before making it, he was not legally bound to do so.
Objection, in the argument here, has been taken to the proposition implied in the first part of the instructions, that the instrument sued on may have been in part good, and in part bad, if part^of the consideration was good, and other part contrary to policy and good morals. The verdict for the whole renders a full examination of this point now unnecessary : but it may prevent misconception to admit that the *648 good consideration of money to be got from Jake was too intimately connected with the bad consideration of a prosecution against bim compounded, to allow of any apportionment, if both considerations existed. Those who would examine this point may find the distinction between statute and common law, laid down in 1 Mod., 35, and Hob., 14; and numerous cases explanatory of the circumstances which modify or control the distinction, collected in the case of Armstrong vs. Toler, 11 Wheat., 258.
The motion is dismissed.
WITHERS, Whitner and Glover, JJ., concurred.
MuNRO,-J., absent.